# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **REGINALD CORNELIUS LATSON,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16CV00039 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **HAROLD W. CLARKE, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Caitlin Marie Kasmar, Katherine Katz, John Bell Williams, III, and Timothy James Coley, BuckleySandler LLP, Washington, D.C., and Elliot M. Mincberg, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Washington, D.C., for Plaintiff; Rita P. Davis and Nancy Hull Davidson, Office of the Attorney General, Richmond, Virginia, and Sheri H. Kelly, Office of the Attorney General, Abingdon, Virginia, for Defendants.*

In this civil rights case, the plaintiff, a Virginia inmate, asserts claims against prison officials and state entities based on the First, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). The defendants have moved to bifurcate the issue of whether the ADA and RA claims are time-barred. They have also moved to stay discovery on all remaining issues pending resolution of the statute of limitations issue. For the reasons that follow, I will deny both motions.

I.

The plaintiff in this case is a former inmate who has been diagnosed with autism spectrum disorder ("ASD") and intellectual disability ("ID"). He asserts claims against the Virginia Department of Corrections ("VDOC") under the ADA and RA based on his alleged treatment at Rappahannock Regional Jail and Marion Correctional Treatment Center. He also asserts claims against several prison officials under 42 U.S.C. § 1983, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments. I previously reviewed the plaintiff's allegations in detail in an Opinion and Order disposing of the defendants' Motion to Dismiss. *Latson v. Clarke*, No. 1:16-CV-00039, 2017 WL 1407570, at *1-6 (W.D. Va. Apr. 20, 2017).

In their Motion to Dismiss, the defendants argued that the plaintiff's ADA and RA claims are barred by the statute of limitations. I denied the Motion to Dismiss the two claims as time-barred after undertaking the following analysis:

> Given the similarities between the ADA and the RA, courts apply the same limitations period to claims under both acts. *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017). Because Title II of the ADA does not contain a statute of limitations, courts must either apply the federal four-year catch-all limitations period or the state statute of limitations for the most analogous state-law claim. *A Soc'y Without a Name, for People Without a Home, Millennium Future–Present v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011). The four-year federal catch-all period applies only to claims arising under statutes enacted after December 1, 1990, and the ADA was enacted a few months before that, on July 26, 1990. *Id.* Therefore, as a general rule, "the one-year limitations period in the

Virginia [Rights of Persons with] Disabilities Act applies to ADA claims brought in Virginia." *Id.* at 348. The ADA was amended, however, in 2008. ADA Amendments Act of 2008, Pub. L. No. 110–325, 122 Stat. 3553 (codified at 42 U.S.C. § 12102). If Latson's claim was made possible by the ADA Amendments Act rather than the pre-amendment ADA, then he can invoke the four-year statute of limitations. *See Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *Mercado v. Puerto Rico*, 814 F.3d 581, 589 (1st Cir. 2016).

Latson argues that his claim was made possible by the ADA Amendments Act because his condition is episodic in nature, and ASD and ID were not consistently recognized as disabilities under the original ADA. The ADA Amendments Act broadened the definition of "disability" under both the ADA and the RA. 42 U.S.C. § 12102(4)(A) ("The definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act."). The amendments to the ADA expressly included episodic impairments in the definition of disability and provided that mitigating measures such as medication should not be considered in determining whether an impairment substantially limits a major life activity and thus qualifies as a disability. 42 U.S.C. § 12101(4)(D), (E).

Recent regulations clearly indicate that ASD now qualifies as a disability under the amended version of the ADA. 29 C.F.R. § 1630.2(j)(3)(iii); 28 C.F.R. § 35.108(d)(2)(iii)(E). It is not clear, however, that ASD and ID, as they affect Latson, would have been recognized as disabilities prior to the ADA Amendments Act.

The defendants assert that ASD and ID were recognized as disabilities under the ADA prior to 2008, but they have not pointed to any controlling case actually holding that ASD and ID qualified as disabilities under the pre-amendment ADA. In most of the cases cited by the defendants, the court either assumed these conditions were disabilities without deciding the point, or the parties agreed that ASD and ID were disabilities and did not present the issue to the court. *See, e.g., Roe ex rel. Preschooler II v. Nevada*, 332 F.Supp.2d 1331, 1340 (D. Nev. 2004) (stating that defendants did not contest that the plaintiff had a disability under the ADA or was handicapped under the RA); *Hahn ex rel. Barta v. Linn Cty.*, 130 F.Supp.2d 1036, 1045

3

>   (N.D. Iowa 2001) (noting that whether plaintiff was a qualified individual with a disability was not in dispute). Additionally, it is not apparent from the face of the Amended Complaint that ASD is an ever-present rather than episodic disorder. The defendants' arguments about the nature of ASD and ID raise issues of fact that go beyond the four corners of the Amended Complaint.
>
>   "Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Therefore, the question of whether a claim is time-barred usually cannot be resolved on a motion to dismiss, except "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.*
>
>   Here, based solely on the allegations in the Amended Complaint, I cannot say for certain that Latson's ADA and RA claims would have been cognizable prior to the 2008 ADA Amendments Act. Though it seems unlikely, the evidence may show that Latson's impairment is episodic, or that the mediation of his condition through medication and treatment would have negated his claims under the pre-amendment version of the ADA. The statute of limitations issue raised by the defendants is not one that I can resolve at this procedural stage. I will thus deny at this point the Motion to Dismiss to the extent it argues the plaintiff's ADA and RA claims are time-barred.

*Id.* at *9-10.

The discovery window in this case remains open. The defendants now ask me to order a separate trial on the statute of limitations issue and to stay discovery except as to that issue. They make the following arguments in favor of bifurcation:

1) The ADA and RA claims are the only claims against VDOC, and a finding that they are time-barred would fully dispose of those two counts;

4

2) The facts underlying the statute of limitations issue are separate and distinct from the facts underlying the § 1983 claims;

3) Separate resolution of the statute of limitations issue would promote efficiency by potentially preventing unnecessary discovery and avoiding the need for preparation and presentation of trial evidence related to the ADA and RA claims;

4) If a jury were to decide all the issues in one trial, VDOC would suffer prejudice because the jury would be sympathetic toward Latson and unable to fairly decide the statute of limitations issue in light of the evidence regarding Latson's disabilities and the treatment he received; and

5) Resolution of the statute of limitations issue would aid in valuing the case for settlement purposes.

The plaintiff objects to bifurcation and a corresponding partial stay of discovery. The plaintiff argues that bifurcation is inappropriate for the following reasons:

1) Requiring two rounds of discovery and convening two separate jury trials would be inconvenient and inefficient for the court, witnesses, and parties, causing greater cost and delay;

2) The defendants have already delayed this case by moving to sever the instant claims from those pending in the Eastern District of Virginia and transfer them to this court, moving to dismiss, and filing their answer three weeks late;

3) The statute of limitations issue is not dispositive of the whole case, as it pertains only to the ADA and RA claims and does not bear upon the remaining § 1983 claims;

4) The facts underlying the statute of limitations issue are intertwined with the facts underlying the other claims, and discovery on the statute of limitations issue would not be as limited as the defendants suggest;

5) A single trial would not unfairly prejudice VDOC, and any concerns in that regard can be addressed through jury instructions; and

6) Bifurcation at this point would be premature.

## II.

Rule 42(b) of the Federal Rules of Civil Procedure states, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "[T]he granting of separate trials is within the sound discretion of the trial judge." *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953).

In the course of discovery, a "court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," including an order "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). This rule likewise "confers broad discretion on the trial court." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

I agree with the plaintiff that bifurcating the statute of limitations issue would not be efficient because the issue is not dispositive of the entire case, and there are overlapping factual questions that bear upon all of the counts. VDOC argues that the statute of limitations issue could be resolved based solely upon testimony of experts reviewing the plaintiff's medical records, but I do not believe that limiting the evidence in that way is justified, at least at this juncture. Testimony of fact witnesses may be admissible to determine how the plaintiff's impairments affected him, which bears upon the question of whether his conditions would have been recognized as disabilities under the pre-amendment version of the ADA.

As for VDOC's prejudice argument, clear jury instructions and a detailed verdict form may be adequate to resolve any concerns about unfair prejudice. Moreover, this case is still in an early procedural posture, and there is a chance that the statute of limitations issue could be resolved as a matter of law based on the record evidence available at the summary judgment stage. Ordering a separate trial

on that issue at this point and staying all other discovery would indeed be premature.

### III.

For the foregoing reasons, it is ORDERED that the Motion to Bifurcate the Statute of Limitations Issue (ECF No. 114) and the Defendants' Motion to Stay Discovery (ECF No. 116) are DENIED.

ENTER: July 21, 2017

/s/  James P. Jones
United States District Judge