# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **REGINALD CORNELIUS LATSON,** | |
| Plaintiff, | Case No. 1:16CV00039 |
| v. | **OPINION AND ORDER** |
| **HAROLD W. CLARKE, ET AL.,** | By: James P. Jones |
| Defendants. | United States District Judge |

*Caitlin Marie Kasmar, Katherine Katz, John B. Williams III, and Timothy J. Coley, BuckleySandler LLP, Washington, D.C., and Elliot M. Mincberg, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Washington, D.C., for Plaintiff; Laura Maughan, Office of the Attorney General, Richmond, Virginia, and Jeff W. Rosen, Pender & Coward, PC, Virginia Beach, Virginia, for Defendants.*

The plaintiff has moved for leave to allow the use of his videotaped deposition at trial in place of his personal attendance on the ground that he is unavailable within the meaning of Federal Rule of Civil Procedure 32(a)(4). I will deny that request, but will permit the plaintiff to testify at trial through a live video appearance.

The plaintiff, a former inmate with the Virginia Department of Corrections ("VDOC"), is alleged to suffer from Autism Spectrum Disorder and intellectual disability. He asserts in this action that he was denied proper medical treatment for his mental conditions and subjected to other abusive conduct, lack of due process,

and retaliation during his incarceration for eight months at the Marion Correctional Treatment Center ("MCTC"), a VDOC facility. In 2015 he was conditionally pardoned by the Governor of Virginia. He currently resides in a private treatment facility located in Orlando, Florida, some 600 miles away from this courthouse.

Latson's deposition in this case was taken by the defendants on September 25, 2017, in Orlando. During that deposition, Latson was unable to recall many details of his alleged mistreatment at MCTC. In the present motion, Latson's attorneys assert that since Latson is more than 100 miles from the place of trial, Fed. R. Civ. P. 32(a)(4)(B), or alternatively, is unavailable to testify at trial due to his "illness [or] infirmity," Fed. R. Civ. P. 32(a)(4)(C), his deposition may be used at trial in lieu of his actual appearance. However, they do not want to use the deposition taken in 2017. Instead, they propose that at some time close to trial, they take a second videotaped deposition of Latson for use at the trial.

The plaintiff's motion is supported by declaration of a licensed clinical psychologist who has evaluated Latson and opines that it would produce "negative consequences" to Latson's "mental well-being" to travel to Virginia and attend the trial. Mem. Supp. Pl.'s Mot. Ex. A, Hamlett Decl. 2, ECF No. 157-1. In addition, the program coordinator at the treatment facility in Florida has submitted a declaration stating that there would be "negative impacts" on Latson to be away

from his treatment regime "for any extended period of time." *Id.,* Ex. B, Hamilton Decl. 2, ECF No. 157-2.[1]

The defendants oppose the motion on the ground that live testimony should be preferred, in order to allow the jury a better opportunity to judge Latson's credibility, which they contend is an important issue in the case.[2] As an alternative, the defendants suggest a live video appearance by the plaintiff from Orlando. The plaintiff's attorneys, in opposition to that alternative, explain that Latson is prone to pause and to go "on tangents" and talk about things not asked of him. The plaintiff's attorneys contemplate "condensing" the proposed deposition in order to remove any periods of irrelevancy, purportedly to preserve the time and attention of the jury.

While testimony by witnesses in open court is preferred, *see* Fed. R. Civil P. 43(a), there is no doubt that the rules permit the use of deposition testimony at trial of a witness — even a party — in lieu of personal appearance, as long as the conditions set forth in Rule 32(a)(4), or any of them, have been met. *See Richmond v. Brooks*, 227 F.2d 490, 492-93 (2d Cir. 1955). On the other hand, the court has the discretion to exclude such deposition testimony even if permitted

---

[1] The jury trial is scheduled to begin on January 7, 2019, and last for more than two weeks.

[2] There are a number of issues in this case, most of which are the subject of a pending Motion for Summary Judgment by the defendants, which has been briefed and argued, but not yet decided.

under the rules, under appropriate circumstances. *See Skins & Leather Co. v. Twin City Leather Co.*, 246 B.R. 743, 748 (N.D.N.Y. 2000).

While the defendants do not contest that the plaintiff is unavailable within the meaning of Rule 32(a)(4) because he resides more than 100 miles from the place of trial and is infirm,[3] I agree with them that videotaped testimony of the plaintiff for trial would not be appropriate in this case. Even if the deposition were taken close to the date of trial, it would still restrict the ability of defense counsel to cross examine the plaintiff about matters that arise during the trial, including the testimony of other witnesses. Moreover, the process of editing the videotape to remove portions that the plaintiff's attorneys do not want the jury to see is bound to produce disputes requiring extensive time for the lawyers and the court to resolve.

I will, however, permit the plaintiff to testify by contemporaneous video transmission, finding good cause and compelling circumstances for that process. *See* Fed. R. Civ. P. 43(a). It is important that the jurors be able to observe him uncensored and in real time, in order to make their necessary credibility determinations. Moreover, it would be unfair to remove the possibility of impeaching cross examination about matters that might first present themselves at

---

[3] There is no indication that the plaintiff's place of residence or mental condition will change between now and the scheduled trial date. Obviously, if that happens, plaintiff's counsel will be required to promptly advise the court and opposing counsel.

trial. Contemporaneous remote video testimony would balance the risk of harm to the plaintiff from traveling to trial with the preference for live testimony.

Counsel for the plaintiff objects to live video testimony because they believe it would be necessary to have an attorney present with the plaintiff during his testimony, and thus by necessity that lawyer would be absent from the trial, at least for the time required to return from Florida after the plaintiff's testimony. While I agree that this is not a perfect solution, I do note that no less than 11 lawyers from a national law firm have entered an appearance for the plaintiff and thus the plaintiff will not be lacking legal fire power at any stage of the case.[4]

Accordingly, it is **ORDERED** that Plaintiff Reginald Cornelius Latson's Motion to Use Deposition Testimony of Unavailable Witness at Trial, ECF No. 156, is DENIED, as set forth herein.

ENTER: May 18, 2018

/s/ James P. Jones
United States District Judge

---

[4] Counsel contends that only three of these lawyers will be the "trial team," but agree that the other attorneys have been employed in various aspects of the case and are thus familiar with the issues.