IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **REGINALD CORNELIUS LATSON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16CV00039 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD W. CLARKE, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Caitlin Marie Kasmar, Katherine Katz, John Bell Williams III, and Timothy James Coley, Buckley Sandler LLP, Washington, D.C., and Philip Fornaci, Washington Lawyers' Committee for Civil Rights and Urban Affairs, Washington, D.C., for Plaintiff; Jeff W. Rosen and Christina E. Cullom, Pender & Coward, PC, Virginia Beach, Virginia, and Laura Maughan, Office of the Attorney General, Richmond, Virginia, for Defendants.*

In this civil rights case brought by a formerly incarcerated person, I previously granted in part the plaintiff's Motion to Compel and permitted the plaintiff to serve additional interrogatories and requests for admission on defendant Virginia Department of Corrections ("VDOC"). Op. & Order, May 14, 2018, ECF No. 230. I stated that I would "require VDOC to pay the plaintiff's attorneys' fees and costs incurred in preparing the Motion to Compel and the additional written discovery permitted" and gave the plaintiff an opportunity to submit an itemization of fees and costs. *Id.* at 11. The plaintiff's fee request is now before me, having been fully briefed. For the reasons that follow, I will award the plaintiff

$16,132.50, which is approximately half the amount the plaintiff requests, but which I find to be a reasonable amount for the tasks at issue.

"The starting point for establishing the proper amount of [a fee] award is [the so-called lodestar product,] the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994). Other considerations, such as those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), may require that the award be adjusted from the lodestar figure.[1] *Rum Creek*, 31 F.3d at 175.

The plaintiff contends that Washington, D.C., is the relevant community for determining the appropriate hourly rates because this case was originally filed in the nearby Alexandria Division of the Eastern District of Virginia, and related claims remained there after the claims in this case were severed and transferred to this court.[2] As a result, argues the plaintiff, it would have been inefficient to have

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19; *Rum Creek,* 31 F.3d at 175.

[2] The claims remaining in the Eastern District of Virginia involved the plaintiff's confinement in the Rappahannock Regional Jail, located in that judicial district, while the

separate counsel handling these two different cases with overlapping facts and evidence. VDOC argues that the prevailing hourly rate for an attorney in the Abingdon Division of the Western District of Virginia should apply here.

The party seeking a fee award bears the burden of proving that the hourly rate sought is reasonable. *McAfee v. Boczar,* 738 F.3d 81, 91 (4th Cir. 2013). "The relevant market for determining the prevailing rate is ordinarily the community in which the court where the action is prosecuted sits." *Rum Creek Coal Sales, Inc*, 31 F.3d at 175.

I find that the relevant market in this case is the Western District of Virginia, Abingdon Division, rather than Washington, D.C., where prevailing hourly rates are considerably higher. While it is true that the claims in this case were originally filed in the Alexandria Division of the Eastern District of Virginia and were severed and transferred here, Mem. Op. & Order 16-17, *Latson v. Clarke*, No. 1:16-cv-00447-GBL-MSN (E.D. Va. Oct. 14, 2016) (filed in this case at ECF No. 79), it would have been entirely feasible and efficient for the plaintiff to find counsel in this district and division. The facts and evidence regarding Rappahannock Regional Jail were significantly different from those relating to Marion Correctional Treatment Center and the defendants in this case. While plaintiff's counsel has represented that they are handling this case pro bono and

---

claims transferred here related to the Marion Correctional Treatment Center, located in this district.

suggest it would have been difficult to find other pro bono counsel for Mr. Latson in this division, I disagree with that assertion. I believe that there are attorneys who likely would have been willing to take on this case on a contingency fee basis with the possibility of recovering statutory attorneys' fees under 42 U.S.C. § 1988(b). I find that it has not been shown that it was necessary for the plaintiff to retain counsel from Washington, D.C., and the higher hourly rates those attorneys seek are not justified in this case.

The plaintiff did not submit any evidence as to the reasonable hourly rate for a civil rights attorney in the Abingdon Division, but VDOC submitted an affidavit of Rosalie P. Fessier, an attorney based within the Harrisonburg division of this district. Fessler routinely works on § 1983 cases and is familiar with the hourly rates typically charged for those cases in the Abingdon Division. She opined that reasonable hourly rates would be $275 per hour for attorney Kasmar, a partner with 14 years of experience; $250 per hour for attorney Williams, a counsel with 11 years of experience; and $200 for attorney Kumar, an associate with five years of experience. In contrast, plaintiff's counsel have requested to be compensated at hourly rates of $483, $410, and $346, respectively.

In 2015, I awarded fees at a rate of $300 per hour in a Title VII employment discrimination case. *Atkins v. Va. Dep't of Transp.*, 1:13CV00057, 2015 WL 858870, at * 3 (W.D. Va. Feb. 27, 2015). The attorneys in that case had eight and

nine years of experience, including federal clerkship experience.  I adopted the magistrate judge's finding that $300 per hour was a reasonable rate for attorneys with that level of experience specializing in civil rights litigation in the Abingdon Division.

Although I am not required to award the same rate in this case that I have awarded in other cases, I find that a rate of $300 per hour is reasonable for the work of attorneys Kasmar and Williams.  I find that an hourly rate of $225 is appropriate for the work of attorney Kumar.  I recognize that the moving party bears the burden of offering evidence sufficient to establish a reasonable hourly rate and the plaintiff has not provided such evidence as to the Abingdon Division, but I conclude that my experience and knowledge of the rates charged in this kind of case in this geographic area allow me to find that the rates above are reasonable.

Having determined the appropriate hourly rates, I must next calculate a reasonable number of hours expended by plaintiff's counsel on the Motion to Compel and subsequent discovery requests.  VDOC argues that any time entries for "meet and confers" should be removed from the calculation of the fee award because counsel is required to meet and confer with opposing counsel before filing a motion to compel, and I only permitted plaintiff's counsel to request fees incurred in preparing the motion and subsequent discovery requests.  I agree with VDOC that these prerequisite conferences between counsel, although necessary,

were not part of preparing the Motion to Compel, and I decline to include them in the fee award. I will therefore omit from my fee calculation the following time entries:

| Date | Timekeeper | Narrative | Hours |
|---|---|---|---|
| 12/14/2017 | Williams | Draft Letter to AG regarding open discovery items. | 0.5 |
| 12/20/2017 | Williams | Draft correspondence with Attorney General's office. | 0.9 |
| 12/21/2017 | Williams | Draft and revise correspondence to Attorney General. | 1.0 |
| 12/22/2017 | Kasmar | Review and revise correspondence with Attorney General regarding discovery issues. | 0.5 |
| 1/9/2018 | Williams | Draft meet-and-confer letter regarding 30(b)(6) testimony. | 0.5 |
| 1/30/2018 | Williams | Draft letter to defendants regarding open discovery issues. | 1.1 |
| 1/31/2018 | Williams | Review materials and revise draft letter to Defendants regarding open discovery issues. | 0.4 |
| 2/9/2018 | Kasmar | Review letter from Attorney General regarding discovery issues. | 0.2 |
| 2/13/2018 | Williams | Review letter regarding open discovery issues; develop response to letter; schedule meet and confer with opposing counsel. | 0.5 |
| 2/22/2018 | Kasmar | Preparation for and attendance at discovery discussion. | 1.5 |

Williams Decl. Supp. Pet. Recoverable Att'ys Fees Ex. 1, ECF No. 233-2.

The following time entries include multiple tasks and are partially related to meeting with opposing counsel and partially related to preparing the Motion to Compel. Because I cannot determine which portion of each entry is allocable to the Motion to Compel, I will reduce each of these time entries by 50%:

| Date | Timekeeper | Narrative | Hours |
|---|---|---|---|
| 1/4/2018 | Williams | Prepare for and participate in meet-and-confer call with opposing counsel regarding open discovery items; revise draft Motion to Compel additional 30(b)(6) testimony. | 6.1 |
| 1/10/2018 | Williams | Review and revise draft meet and confer letter regarding 30(b)(6) testimony; review draft 30(b)(6) motion. | 3.5 |
| 1/11/2018 | Williams | Revise 30(b)(6) meet and confer letter; revise 30(b)(6) motion. | 2.8 |
| 1/12/2018 | Williams | Participate in meet-and-confer call with Virginia AG; revise 30(b)(6) motion. | 4.0 |
| 2/22/2018 | Williams | Prepare for and participate in meet and confer call with opposing counsel, update draft 30(b)(6) Motion to Compel. | 1.5 |

*Id.*

The following time entry includes an insufficient description and will be omitted from the calculation of recoverable fees:

| 1/3/2018 | Williams | issues. | 2.0 |

*Id.*

VDOC argues that the requested 17.6 hours for preparation of additional interrogatories and requests for admission is excessive. I agree. The substance of the contemplated interrogatories and requests should have been clear following briefing of the Motion to Compel, and plaintiff's counsel should have been able to draft the written discovery requests is far less time than the 10.5 hours indicated. I will subtract five hours from the recorded time of attorney Kumar because I find that 5.5 hours is a reasonable amount of time expended to draft these requests.

After these adjustments, the amount of time reasonably spent by plaintiff's counsel to prepare the Motion to Compel and subsequent discovery requests is 55.15 hours rather than the 78.2 hours requested by plaintiff's counsel. This total includes 46.55 hours for attorney Williams, 3.1 hours for attorney Kasmar, and 5.5 for attorney Kumar. Applying the hourly rates determined above, the total reasonable amount of attorneys' fees recoverable under my May 14, 2018, Order is $16,132.50.

For the foregoing reasons, it is hereby **ORDERED** that the plaintiff is awarded attorneys' fees against the Virginia Department of Corrections in the amount of $16,132.50.

ENTER: November 6, 2018

*/s/ James P. Jones*
United States District Judge