# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **REGINALD CORNELIUS LATSON,** | ) |
| Plaintiff, | ) Case No. 1:16CV00039 |
| v. | ) **OPINION AND ORDER** |
| **HAROLD W. CLARKE, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Caitlin Marie Kasmar, Andrew R. Louis, and John Bell Williams III, Buckley Sandler LLP, Washington, D.C., for Plaintiff; Jeff W. Rosen and Christina E. Cullom, Pender & Coward, PC, Virginia Beach, Virginia, and Laura Maughan, Office of the Attorney General, Richmond, Virginia, for Defendants.*

Following my entry of summary judgment in their favor, the defendants submitted a Bill of Costs and the Clerk taxed costs totaling $30,634.90 to the plaintiff. The plaintiff has now filed a timely Motion to Review and Reverse the Clerk's Taxation of Costs. Because I find that the plaintiff is indigent and unable to pay the costs taxed, I will grant the plaintiff's motion.

I.

The plaintiff, Reginald Cornelius Latson, is a 26-year-old man who has autism spectrum disorder, post-traumatic stress disorder, and intellectual disability. In support of his motion, he submitted a declaration of Nathaniel D. Porter, III, as

well as his own declaration. The affirmations contained in these declarations are undisputed.

Porter is a Program Coordinator with Attain, Inc., which operates a group home in which Latson has resided since August 2018. Porter works with Latson on life skills such as personal hygiene, taking his medication, completing chores, and interacting with others socially. Latson is not employed, and according to Porter, he is unable to obtain employment due to his disabilities and the constraints of his living situation. Latson asserts that he does not have a bank account and does not own any land, a house, or a car. He received a settlement from related litigation in the United States District Court for the Eastern District of Virginia, and those funds are held in a special needs trust.

II.

The defendants here seek costs totaling $30,634.90, representing court reporter fees and fees for deposition and hearing transcripts and photocopies, among other things. The plaintiff makes specific objections to certain items, but generally objects to the award of costs on the grounds of the plaintiff's financial situation and that the issues in the case were difficult and close. The defendants counter that the plaintiff should not be permitted to exempt the settlement proceeds from being available to pay taxed costs in this case. I previously ordered the defendants to pay the plaintiff's fees and costs related to a discovery motion, and

the defendants now request that if I decide to reverse the taxation of costs to the plaintiff, I offset the $16,132.50 the defendants were ordered to pay. See Op. & Order, Nov. 6, 2018, ECF No. 251.

Federal Rule of Civil Procedure 54(d)(1) establishes a general rule that costs of litigation, other than attorney's fees, should be awarded to a prevailing party. However, whether to award costs and the amount of costs to be awarded are matters within the discretion of the trial court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). Costs may be refused under Rule 54(d)(1) only if the district court "justif[ies] its decision by 'articulating some good reason for doing so.'" *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (quoting *Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc.*, 899 F.2d 291, 296 (4th Cir. 1990)). The losing party's good faith is not sufficient on its own to warrant a denial of costs, although it is a prerequisite to denying costs to the winner. *See Cherry v. Champion Int'l Corp*, 186 F.3d 442, 446 (4th Cir. 1999).

The Fourth Circuit has held that financial inability to pay may be considered by the court in denying an award of costs. *See id* at 446; *Teague,* 35 F.3d at 996. Similarly, this court has previously ruled that the losing party's financial resources merit consideration in determining whether to deny costs. *Musick v. Dorel Juvenile Grp.*, No. 1:11CV00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012); *Crusenberry v. Boddie–Noell Enters., Inc.,* No. 2:99CV00129, 2001 WL

418737, at *2 (W.D. Va. Mar. 15, 2001). When a case is particularly close and difficult, courts are willing to deviate from the general rule and deny a request for costs. A case's closeness "is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Va. Panel Corp. v. MAC Panel Co.*, 203 F.R.D. 236, 237 (W.D. Va. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732–33 (6th Cir. 1986)).

I find that this case was a relatively close and difficult one. I further find that Latson brought his claims in good faith. The closeness of the case and the good-faith nature of the plaintiff's claims are apparent from the size of the summary judgment record and the sheer length of my opinion granting summary judgment. See Op. & Order, Nov. 6, 2018, ECF No. 252.

Due to his disabilities and living situation, Latson is currently unable to pay costs to the defendant and is unlikely to become able to pay costs in the future. I further find that the settlement funds in the special needs trust are needed to support Latson, and it would be unjust to require him to use those funds to pay taxed costs in this case. Moreover, the settlement proceeds are protected from unsecured creditors under Virginia law. *See* Va. Code Ann. § 34-28.1; *In re Webb*,

210 B.R. 266, 274 (Bankr. E.D. Va. 1997). Under all of these circumstances, I believe that costs should not be awarded in this case.

I am unpersuaded by the defendants' argument that I should essentially waive my earlier order that they pay the plaintiff's attorneys' fees and costs associated with the plaintiff's Motion to Compel. Those fees and costs were awarded because VDOC had failed to meet its discovery obligations, unnecessarily causing the plaintiff to incur additional expenses. Op. & Order, May 14, 2018, ECF No. 230. The plaintiff's inability to pay taxable costs does not relieve VDOC of the responsibility to pay for its discovery failures. I find that no set-off is warranted.

III.

For the foregoing reasons, it is **ORDERED** that the plaintiff's motion, ECF No. 261, is GRANTED and, upon review, the defendant's Bill of Costs ECF No. 256 is DENIED.

ENTER: February 5, 2019

/s/ James P. Jones  
United States District Judge